## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

MELISSA D. TRUJILLO and,
CHARLIE TRUJILLO,

        Plaintiffs,

vs.

                            No. _____

GEICO DIRECT, a Foreign Corporation,
and DONNA L. CHAPMAN, Esquire, its
Attorney and Agent,

        Defendants.

**FILED**
AT ALBUQUERQUE

APR 2 9 2004

**CLERK**

**CIV - 0 4 - 0 4 7 2  JC  LFG**

### NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§1332, 1441 and 1446, Defendants Geico Direct (hereafter Geico) and Donna L. Chapman (hereafter Chapman) hereby remove the matter of *Melissa D. Trujillo and Charlie Trujillo, Plaintiffs, v. Geico Direct, a Foreign Corporation, and Donna L. Chapman, Esquire, its Attorney and Agent, Defendants,* First Judicial District Court, County of Santa Fe, State of New Mexico Case No. D-0101-CV-2004-00612 to the United States District Court, District of New Mexico on the grounds that:

    1.    On March 29, 2004, the above entitled action was commenced against Geico and Chapman, by the filing of a complaint in the First Judicial District Court, Santa Fe County, State of New Mexico, and is now pending in that Court as Case No. D-0101-CV-2004-00612.

    2.    On March 31, 2004, the Plaintiffs served Geico through the New Mexico Public Regulation Commission with the complaint and summons. Chapman has accepted service through undersigned counsel as of April 27, 2004.

1

3.   Less than thirty days have passed since the Defendants received a copy of the initial pleadings in this matter.

4.   In their complaint, Plaintiffs allege they are residents of Santa Fe County, New Mexico.

5.   Geico is a foreign corporation incorporated in a state other than New Mexico and with its principal place of business in a state other than New Mexico.

6.   Chapman is a resident of New Mexico but as will be shown herein, is fraudulently joined and thus, the joinder does not defeat diversity.

7.   Pursuant to the requirements of *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir.) *cert denied* 116 S.Ct. 174 (1995), Defendant states that the factual basis upon which it relies in support of this Court's diversity jurisdiction under 28 U.S.C. §1332 is:

a)   Plaintiffs have asserted the amount in controversy in the matter of *Trujillo v. Geico* exceeds the sum of $75,000.00. See Complaint at ¶¶ 46, 47, 55, and 62. Plaintiff is seeking to enforce an arbitration award of $187,500.00 of which $100,000.00 has been paid. Plaintiff is also seeking interest, punitive damages and attorneys' fees in obtaining the arbitration award. The amount in controversy is thus $87,500.00 plus interest, punitive damages and attorneys' fees.

To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the

2

underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871. 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir.1994). This calculation also includes attorneys fees. *See Miera v. Dairyland Ins. Co.*, No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorneys fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act). *See also 14A Wright & Miller, Federal Practice and Procedure*, §3712, at 176-78, and authorities cited therein; *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d. 534, 537 (5th Cir. 1990). The calculation also includes treble damage claims.

b)   Diversity of citizenship exists between the parties.

8.   Joinder is fraudulent if no cause of action exists against the party joined. *Smoot v. Chicago, Rock Island and Pacific Railroad Co.*, 378 F. 2d 879 (10th Cir. 1967). Chapman is fraudulently joined to defeat diversity jurisdiction.

9.   In considering the issue of fraudulent joinder the court may pierce the pleadings, consider the entire record and determine the basis of joinder by any means available. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir. 1964).

10.   Chapman was the attorney who represented Geico during the legal proceedings which form the basis of Plaintiffs' claims in this case. Complaint at ¶ 6.

11.   Plaintiffs' claims against Chapman all arise out of Chapman's actions

3

in the course of representing Geico as Geico's attorney.  Complaint at ¶¶ 6, 21, and 22.

13.     Plaintiffs and their attorneys have filed the claims against Chapman improperly to defeat diversity.

14.     Moreover, under New Mexico law there is an absolute privilege for an attorney's actions reasonably related to an ongoing or contemplated judicial proceeding.  *Penny v. Sherman*, 101 N.M. 517 (Ct. App. 1984) (holding that even publication of false and defamatory matter to someone without a direct interest in the judicial proceeding is protected).  The absolute privilege is based on a public policy of securing to attorneys as officers of the court utmost freedom in their efforts to secure justice for their clients.  *Id.* at 520.

15.     Chapman's actions were related to the ongoing or contemplated judicial proceeding and thus are absolutely privileged.

16.     Even assuming there is no absolute privilege, it is well-established in New Mexico that "[a]n attorney has no duty however to protect the interests of a non-client adverse party for the obvious reasons that the adverse party is not the intended beneficiary of the attorney's services and that the attorney's undivided loyalty belongs to the client." *Garcia v. Rodey,* 106 N.M. 757 (1988).  The Supreme Court continued that "[t]o find such a legal or equitable duty in the context of this case would be contrary to an attorney's duty to represent his client and pursue his client's interests with undivided loyalty." *Id.* at 763.

Recently, the Supreme Court held in *Hovet v. Allstate Insurance Co.*, No. 27,969, filed April 8, 2004, that "defense attorneys may not be named as party-defendants in claims brought under the unfair claims practices section.  In New Mexico, defense attorneys do not owe opposing parties any common-law duty of care."

4

17.     There is no obligation on the part of an attorney to the adverse party

during the course of a judicial proceeding.  Consequently, Chapman cannot be held liable for failing

to protect Plaintiffs' rights under the insurance contract at issue in this case.

18.     Plaintiffs allege only two claims against Chapman: 1) "aiding and

abetting violation of fiduciary duty;" and 2) "civil conspiracy."  Complaint at ¶¶ 95-98; 99-102.

Neither of these claims are legally valid against Chapman.

19.     The claim of aiding and abetting violation of a fiduciary duty requires

that the defendant know that a duty exists.  *GCM, Inc., v. Kentucky Central Life Insurance Co.*, 133

N.M. 669 (Ct. App. 2003).

20.     The New Mexico legislature has not recognized a fiduciary duty in the

uninsured/underinsured setting.  NMSA §§ 59A-16-1 et seq. and § 66-5-301.

21.     Moreover, the Courts cannot recognize such a duty once the

legislature has spoken.  See *First Financial Trust Co. V. Los Alamos Ski Club, Inc.*,  122 N.M. 572

(1996) (holding that courts could not recognize forum non conviens doctrine because legislature has

spoken to where claims should be brought); *Patterson v. Globe Am. Cas. Co.*, 101 N.M. 541 (Ct.

App. 1984) ("[w]hen a right is created which did not exist at common law and for that right a remedy

is by statute prescribed, the whole matter of right and remedy is within the statute and no part of

either otherwise exists.").

22.     An insurance relationship alone is not enough to give rise to a fiduciary

relationship.  *Chavez v. Chenoweth*, 89 N.M. 423, 430, (Ct.App.1976).  Instead, an insurer assumes

a fiduciary obligation toward an insured only in matters pertaining to the performance of obligations

in the insurance contract.  *See Romero*, 109 N.M. at 255 n. 3; *Chavez*, 89 N.M. at 430 (recognizing

5

three situations in which a fiduciary relationship was held to exist in the insurance context: (1) where the insurer, by the terms of the policy, had the power to decide whether to accept or reject offers of compromise; (2) where the insurer acted on behalf of the insured in settlement or litigation of claims; and (3) where the insurer gave advice to insured not to hire counsel and to instead communicate with insurer).

23.   In the three settings listed above the insurer either steps into the shoes of the insured or provides advice to the insured to forego the benefit of counsel.

24.   In the uninsured/underinsured setting the insurer actually steps into the shoes of the uninsured or underinsured and thus, is placed in an adversarial role to the insured. *Hendren v. Allstate Insurance Company*, 100 NM 506, 672 P.2d 1137 (Ct.App. 1983) Whether such circumstances creates a fiduciary duty has not been addressed in New Mexico and thus, Chapman cannot reasonably be held liable for knowingly aiding and abetting a violation of a duty that has not yet been recognized.

25.   Additionally, Plaintiffs have alleged a claim of civil conspiracy. Complaint at ¶¶ 99-102.

26.   However, the civil conspiracy claim is based on Chapman's actions as an agent for Geico.  Complaint at ¶ 6.

27.   A principal cannot conspire with its own agent.. *EEOC v. MTS Corp.*, 937 F. Supp. 1503 (Dist. NM 1996).

28.   This principle is applicable to the attorney-client relationship.  See

6

*Wiles v. Capitol Indemnity Corp.*, 75 F. Supp.2d 1003, 1005-06 (E.D. MO 1999) (holding that joinder of attorney was fraudulent and that normal acts of attorney representing client fell within the agent-principal relationship and could not form the basis for a conspiracy).

29.    In the instant case, the Plaintiffs allege that Chapman in doing the things attorneys reasonably do in representing their clients, conspired with Geico.

30.    Chapman as an agent of Geico could not legally conspire with Geico and thus her joinder is fraudulent and she should be dismissed.

31.    Because the Plaintiff has asserted that the matter in controversy exceeds the sum of $75,000.00, and because this Court has diversity jurisdiction over the above entitled action pursuant to 28 U.S.C. § 1332, this action may therefor be removed to the United States District Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

32.    Copies of all pleadings served on defendant-petitioner in this cause are attached to this Notice of Removal as Exhibit A and the factual allegations contained therein are incorporated herein as if set forth in full.

33.    A copy of GEICO's Notice of Filing of Removal, filed with the First Judicial District is attached hereto as Exhibit B.

Respectfully submitted,

SIMONE, ROBERTS & WEISS, P.A.

*Stephen M Simone*

STEPHEN M. SIMONE
Attorneys for Defendants Geico Direct and
Donna L. Chapman
8102 Menaul, NE
Albuquerque, New Mexico  87110
Telephone:  (505) 298-9400

I hereby certify that the foregoing
was mailed on this 29th    day of
April, 2004 to:

Daniel J. O'Friel, Esq.
Pierre Levy, Esq.
Post Office Box 2084
Santa Fe, NM 87504-2084

David J. Berardinelli, Esq.
Post Office Box 1944
Santa Fe, NM 87504-1944

*Stephen M Simone*

STEPHEN M. SIMONE

8

CIVIL FORM 4-206
[NEW MATERIAL] [1-00+] 4-206

FILED
FIRST JUDICIAL
DISTRICT COURT

04 MAR 29 PM 3:28

Committee Approved
Draft 5/25/88

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO
Case No. D-0101-CV-2004-00612

RECEIVED

APR 1 9 2004

DIXON, SCHOLL & BAILEY, P.A.

MELISSA D. TRUJILLO and
CHARLIE TRUJILLO,

Plaintiffs,

vs.

GEICO DIRECT, a Foreign Corporation,
and Donna L. Chapman, Esquire, its
Attorney and Agent,

Defendants.



## SUMMONS
## THE STATE OF NEW MEXICO

TO:    GEICO DIRECT
       c/o Superintendent of Insurance
       Insurance Department, 4th Floor
       P.E.R.A. Building
       Santa Fe, New Mexico 87505

GREETINGS:

You are hereby directed to serve a pleading or motion in response to the Complaint within thirty (30) days after service of this Summons, and file the same, all as provided by law.

You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorney or attorneys for Plaintiff: Daniel J. O'Friel
Address of attorneys for Plaintiff: P.O. Box 2084, Santa Fe, New Mexico 87504-2084

WITNESS The Honorable CAROL J. VIGIL District Judge of the First Judicial District Court of the State of New Mexico, and the seal of the District Court of said County, this 29th day of March, 2004.

STEPHEN T. PACHECO
~~WILLIAM J. PARRAS~~
COURT ADMINISTRATOR

By _____
                                    Deputy

EXHIBIT
A

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO
Case No. D-0101-CV-2004-00612


MELISSA D. TRUJILLO and
CHARLIE TRUJILLO,

                              Plaintiffs,


        vs.

GEICO DIRECT, a Foreign Corporation
and DONNA L. CHAPMAN, Esquire, its
Attorney and Agent,

                              Defendants.


## NOTICE

TO:  Donna L. Chapman, Esquire
     Hatch, Allen & Shepherd, P.A.
     Post Office Box 30488
     Albuquerque, New Mexico 87190-0488

        The enclosed Summons and Complaint are served, pursuant to Paragraph E of
Rule 1-004 of the New Mexico Rules of Civil Procedure.

        You must sign and date the receipt. If you are served on behalf of a corporation,
unincorporated association (including a partnership) or other entity, you must indicate
under your signature your relationship to that entity. If you are served on behalf of
another person and you are authorized to receive process, you must indicate under
your signature your position or title.

        If you do not complete and return the form to the sender within twenty (20) days,
you (or the party on whose behalf you are being served) may be required to pay any
expenses incurred in serving the Summons and Complaint in any other manner
permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the Complaint within thirty (30) days of the date upon which this notice was mailed, which appears below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

I declare, under penalty of perjury, that this Notice and Receipt of Summons and Complaint was mailed on March 30, 2004.

_____
Pierre Levy, Esquire

_____
Date of Signature

## RECEIPT OF SUMMONS AND COMPLAINT

I received a copy of the Summons and Complaint in the above-captioned matter at:

Post Office Box 30488
1111 Menaul Boulevard, N.E.
Albuquerque, NM 87107-0488

_____
Donna L. Chapman, Esquire

_____
Relationship to entity/authority to
receive service of process

_____
Date of Signature

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO
Case No. D-0101-CV-2004-00612

FILED
FIRST JUDICIAL
DISTRICT COURT

04 MAR 29   PM 3: 19


MELISSA D. TRUJILLO and
CHARLIE TRUJILLO,

                              Plaintiffs,

          vs.

GEICO DIRECT, a Foreign Corporation,
and Donna L. Chapman, Esquire, its
Attorney and Agent,

                              Defendants.


## COMPLAINT FOR CONFIRMATION OF ARBITRATION AWARD, PRE-JUDGMENT INTEREST, ATTORNEY'S FEES RELATED TO ARBITRATION, BREACH OF CONTRACT, BAD FAITH BREACH OF INSURER'S FIDUCIARY DUTY UNDER COVENANT OF GOOD FAITH AND FAIR DEALING, BAD FAITH BREACH OF STATUTORY FIDUCIARY DUTIES UNDER UNINSURED MOTORIST STATUTE, BAD FAITH DENIAL OF UIM COVERAGE AND DELAY OF UM CLAIMS PAYMENTS, AIDING AND ABETTING VIOLATION OF FIDUCIARY DUTY, CIVIL CONSPIRACY, AND PUNITIVE DAMAGES

PLAINTIFFS MELISSA TRUJILLO and CHARLIE TRUJILLO, by and through their

counsel of record, the Law Offices of Daniel J. O'Friel, Ltd., Pierre Levy, Esquire, and

Berardinelli & Associates, David J. Berardinelli, Esquire, hereby bring their Complaint for

Confirmation of Arbitration Award, Pre-Judgment Interest, Attorney's Fees Related to

Arbitration, Insurance Bad Faith, Civil Conspiracy, and Punitive Damages, and state forth

the following:

## GENERAL ALLEGATIONS

1.  Plaintiff CHARLIE TRUJILLO, at all times material to the allegations of this Complaint, was and is a resident of the County of Santa Fe, State of New Mexico.

2.  Plaintiff MELISSA TRUJILLO, at all times material to the allegations of this Complaint, was and is a resident of the County of Santa Fe, State of New Mexico.

3.  Plaintiff MELISSA TRUJILLO is Plaintiff CHARLIE TRUJILLO's daughter. At all times material to the allegations of the Complaint, Plaintiff MELISSA TRUJILLO was a resident relative in the household of Plaintiff CHARLIE TRUJILLO.

4.  Defendant GEICO Direct ["GEICO"] is a foreign insurance company duly licensed to do business within the State of New Mexico pursuant to the rules and regulations promulgated by the New Mexico Superintendent of Insurance, the New Mexico Insurance Code, including N.M.S.A. 1978, §§ 59A-16-1 through 59A-16-30, and other applicable New Mexico statutes and case law.

5.  Defendant GEICO's statutory agent for service of process is the New Mexico Superintendent of Insurance. As a foreign insurer, Defendant GEICO may be found and served with process in Santa Fe County, New Mexico, by service upon the New Mexico Superintendent of Insurance, as GEICO's statutory agent for service of process.

6.  Defendant DONNA L. CHAPMAN ["CHAPMAN"] is a licensed New Mexico attorney associated with the law firm of Hatch, Allen & Shepherd P.A., retained by Defendant GEICO to represent GEICO in arbitration and other proceedings, and is a "person" subject to the provisions of N.M.S.A. 1978, § 59A-16-3. On information and belief, CHAPMAN is a resident of New Mexico.

7. GEICO and CHAPMAN are each a "person" or "individual" as defined in the New

2

Mexico Insurance Code, N.M.S.A. 1978, § 59A-1-10(A) and (B). As persons or individuals,

GEICO and CHAPMAN are subject to the provisions of N.M.S.A. 1978, § 59A-16-20.

8. In addition to the common law claims, this action is brought pursuant to the

Insurance Trade Practices and Frauds Act, N.M.S.A. 1978, § 59A-16-1, and the Uninsured

Motorist Act, N.M.S.A. 1978, § 66-5-301.

9. As a supplier of a public service rather than a manufactured product, GEICO's

obligations to its insureds, especially its med-pay and UM insureds such as Plaintiffs, goes

beyond meeting reasonable expectations of coverage when forced to do so. GEICO's

obligations of good faith and fair dealing encompass qualities of decency and humanity

inherent in the responsibilities of a fiduciary. Insurers hold themselves out as fiduciaries,

and with the public's trust must go private responsibility consonant with that trust.

10. In addition, the relationship of GEICO with its insureds is inherently unbalanced.

The adhesive nature of an insurance UM and med-pay policy places GEICO in a superior

bargaining position to insureds such as Plaintiffs. The availability of punitive damages is

thus compatible with a recognition of GEICO's underlying public obligations and reflects

an attempt to restore the balance in the contractual relationship.

11. The remedial purpose and legislative intent behind enacting compulsory

uninsured motorist coverage is to protect the insured against the financially irresponsible

motorist, not to protect the insurance company. This remedial purpose and legislative

intent also includes an intent to provide a remedy of speedy, fair and equitable financial

relief to the innocent victims of financially irresponsible motorists.

12. The UM statute, N.M.S.A. 1978, § 66-5-301, must be liberally construed to

implement this purpose of compensating those injured through no fault of their own.

13. At all times alleged herein, GEICO knew that the UM statute extracts a promise from each insurer issuing UM coverage in New Mexico, including GEICO, that the insurer will provide UM coverage to its insureds in such a manner so as to fully implement its remedial purpose of providing certain, speedy, full and fair compensation to persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.

14. Unlike any other type of first party insurance, UM coverage is the subject of legislative mandate. The UM statute that establishes the requirements for uninsured motorist insurance is clearly intended to benefit all insureds, and the attainment of this goal encompasses requiring the fair and equitable settlement on uninsured motorist insurance claims. Unreasonable claims handling conduct by GEICO frustrates the public policy embodied in the UM statute, as well as breaching the implied-in-law duty to deal fairly and in good faith with insureds.

15. GEICO's fiduciary duties towards its insureds such as Plaintiff with respect to the handling of UM claims are higher than the duties applicable to ordinary first party insurance coverages that are not mandated by statute. GEICO's duty to act in good faith and fairly is of the highest order in regard to claims arising under UM coverage. Under the great public interest in UM coverage, GEICO was obligated at all times alleged herein to exercise the greatest care and highest level of good faith and fair dealing toward Plaintiffs as UM insureds and claimants, i.e., the duties and standard of care required of a true fiduciary or of one designated by statute to implement remedial public policy.

16. In the handling of UM claims, GEICO and its agents have a fiduciary duty to implement the legislative intent and the remedial purposes of the UM statute under a

4

qualitatively different and higher standard of conduct or care towards insureds as the intended beneficiaries of this mandatory coverage than that applicable as the standard of conduct when handling third party claims or even other first party claims under coverages not mandated by statute.

17.  GEICO did not have the right to arbitrate all Plaintiff MELISSA TRUJILLO's claims as a matter of course or demand documentation that was unnecessary under the circumstances.  The existence of a right to the arbitration of genuinely disputed claims and to request necessary documentation of claims cannot shield an insurer who, like GEICO did in this case, demands arbitration of claims that are not genuinely disputed or requests unnecessary documentation merely to delay the settlement process or to coerce insureds to accept unreasonably low settlement offers.

18.  In addition, because GEICO is acting to enforce the legislative intent and public policy of the UM statute in issuing and adjusting UM coverage, GEICO acts for the public benefit as an instrument of the State of New Mexico in so doing.

19.  As a practicing attorney, Defendant CHAPMAN knew or should have known of GEICO's fiduciary obligations and responsibilities in the performance of Plaintiffs' UM policy as well as GEICO's fiduciary duties in accepting and carrying out the remedial purpose and legislative intent of the UM statute.

20.  As a practicing attorney, Defendant Chapman knew that Defendant Geico owed its insureds Plaintiffs Charlie Trujillo and Melissa Trujillo a fiduciary of good faith to give equal consideration to the insured's interests.

21.  Defendant Chapman nevertheless knowingly assisted Defendant Geico in circumventing its fiduciary duty to give equal consideration to its insured's interests, by

5

attempting to create a controversy where no reasonable basis for controversy existed, by knowingly engaging in litigation tactics deliberately calculated to force Plaintiff Melissa Trujillo to jump through needless adversarial hoops to obtain policy benefits, by stonewalling Plaintiff Melissa Trujillo's UM claim in hopes that she would settle for less, again giving no consideration to the insured's interests in obtaining policy benefits, by relying on computer evaluations known to be heavily weighed in favor of the insurer, by refusing to honestly and objectively evaluate the claim and recommend settlement for policy limits, by using litigation tactics solely as a weapon to discredit and avoid Plaintiff's claim while knowingly and intentionally ignoring evidence which supported Plaintiff's claim, by intentionally acting on behalf of the insurer to deprive Plaintiff of the full benefit of the UM contract, by knowingly propounding discovery requests duplicative of the information already within the care, custody, and control of the insurer as a weapon of intimidation, harassment and delay and not for legitimate discovery of information not already known to the insurer, by advising the insurer to place a low value on and stonewall Plaintiff's claims hoping she would settle for less, and by generally conducting her representation in order to assist the insurer in gaining financial advantage over the insured without equal consideration to the interests of the insured or fulfilling the insured's reasonable expectation of being dealt with fairly during the claim resolution process.

22. Defendant Chapman, as Defendant Geico's attorney, engaged in bad faith litigation tactics in an intentional effort to circumvent for the insurer its first party fiduciary duty of good faith and giving equal consideration to the interests of its insureds.

23. The conduct of Defendants Geico and its attorney Defendant Chapman resulted in a dilution of Plaintiff Melissa Trujillo's UM coverage by delay, unpaid prejudgment and

6

post judgment interest, un-reimbursed costs, addition attorney fees and destruction of the insured's object for buying UM coverage in the first place, that is, peace of mind.

### GENERAL FACTUAL ALLEGATIONS

24. At all times material to the allegations of the Complaint, Plaintiff CHARLIE TRUJILLO had in force insurance policies for four automobiles from Defendant GEICO Direct, each policy providing $ 25,000.00 of first-party uninsured motorist coverage per vehicle, with an available stacked coverage of $ 100,000.00. As a resident relative, Plaintiff MELISSA TRUJILLO was a class I insured under the policies.

25. At all times material to the allegations of the Complaint, Plaintiff CHARLIE TRUJILLO obtained first-party medical payments insurance from Defendant GEICO Direct in the amount of $ 5,000.00. As a resident relative, Plaintiff MELISSA TRUJILLO was a class I insured under the policies.

26. On November 19, 1999, which was within the effective date of the policies, Plaintiff MELISSA TRUJILLO was seriously and permanently injured in a car accident, through no fault of her own, while driving a car registered in her father's name and insured by Defendant GEICO, and required medical treatment. Plaintiffs' reasonable and necessary medical expenses caused by the accident exceeded her available med-pay coverage of $ 5,000.

27. Some time following the accident, Plaintiff CHARLIE TRUJILLO made a demand on Defendant GEICO for assistance under his policy. Geico responded since the other party was at fault Plaintiff CHARLIE TRUJILLO had to go strictly through the third party carrier, and that the only recourse he had was through the insurance company of the

7

tortfeasor's insurance. Defendant GEICO never offered to help at all, even though Plaintiff CHARLIE TRUJILLO had purchased medical payments insurance, and even though Plaintiff CHARLIE TRUJILLO had purchased UM coverage under his policy.

28. For over three years, Defendant GEICO continued to fail to pay under the medical payments policy. Defendant GEICO paid under the policy only after Plaintiff MELISSA TRUJILLO retained attorneys, and only after Plaintiff's attorneys demanded payment on the policy. GEICO did not tender the benefits available under the policy until March, 2003, over three years after the accident.

29. In October, 2002 Plaintiff MELISSA TRUJILLO settled with the tortfeasor's insurance carrier, State Farm, for policy limits of $ 25,000 with the full consent of her insurance company, Defendant GEICO.

30. After settling her claims with the tortfeasor and State Farm, Plaintiff MELISSA TRUJILLO turned to her insurance company, Defendant GEICO, for full compensation of her damages, as was her right under the uninsured/underinsured coverage her father, Plaintiff CHARLIE TRUJILLO, had purchased.

31. Plaintiff MELISSA TRUJILLO wrote a detailed demand to Defendant GEICO on February 25, 2003, comprehensively explaining her injuries and claims, and including all medical records and bills available to date, incurred as a result of the November 19, 1999 accident. The demand made on Defendant GEICO stated that Plaintiff's MELISSA TRUJILLO's damages could reach $ 200,000, and asked Defendant GEICO to pay the full limits under the stacked first-party coverage, or $ 75,000 after an offset for the third-party recovery. Plaintiff MELISSA TRUJILLO, in that demand, clearly stated she was prepared to accept policy limits.

8

32. Based on the facts of the accident and the information tendered by Plaintiff MELISSA TRUJILLO, Defendant GEICO and its agents knew or should have known that Plaintiff MELISSA TRUJILLO's damages greatly exceeded her demand for policy limits.

33. In response to Plaintiff MELISSA TRUJILLO's February 25, 2003 demand, Defendant GEICO offered to settle her uninsured motorist claim for the amount of $ 6,500. In its offer, Defendant GEICO made no mention of a med-pay offset, so that the value of the offer could have been as low as $ 1,500, after a $ 5,000 med-pay offset.

34. On March 21, 2003, Plaintiff MELISSA TRUJILLO once again informed Defendant GEICO that she would accept policy limits to settle her claim, requested that GEICO initiate arbitration if GEICO was not prepared to tender limits, and placed Defendant GEICO on notice that she would seek to recover the full amount from an excess arbitration award, should such an award be handed down by an arbitration panel.

35. On March 27, 2003, Defendant GEICO refused to tender limits, and instead initiated arbitration of Plaintiff MELISSA TRUJILLO's claims.

36. On April 2, 2003, Defendant CHAPMAN initiated discovery under the arbitration proceedings, sending interrogatories, requests for production, and medical and employment records releases to Plaintiff MELISSA TRUJILLO. Plaintiff MELISSA TRUJILLO answered these discovery requests, and later supplemented her answers.

37. On September 11, 2003, after obtaining extensive medical records of Plaintiff MELISSA TRUJILLO, and after taking the deposition of MELISSA TRUJILLO, Defendant GEICO, through its attorney and agent Defendant CHAPMAN, offered to settle MELISSA TRUJILLO's uninsured motorist claim for the amount of $ 12,500. In its offer, Defendant GEICO made no mention of a med-pay offset, so that the value of the offer could have

9

been as low as $ 7,500, after a $ 5,000 med-pay offset.

38.   On September 12, 2003, Plaintiff MELISSA TRUJILLO implicitly rejected Defendants CHAPMAN and GEICO's settlement offer, and again placed Defendants on notice that she would seek to recover the full amount from an excess arbitration award, should such an award be handed down by an arbitration panel.

39.   Defendants CHAPMAN and GEICO then retained two medical doctors, an orthopaedist and a neurologist, to examine Plaintiff MELISSA TRUJILLO, forcing her to be subjected to independent medical examinations.

40.   Both those physicians, retained by Defendants CHAPMAN and GEICO, found that Plaintiff MELISSA TRUJILLO had suffered injuries as a result of the November 19, 1999 accident.

41.   Defendants CHAPMAN and GEICO nevertheless continued with discovery, and took the deposition of Plaintiff MELISSA TRUJILLO's fiancé, Michael Bowen.

42.   On November 18, 2003, Defendant CHAPMAN, on behalf of Defendant GEICO, contacted Plaintiff and suggested a mediation or a settlement conference to try to resolve MELISSA TRUJILLO's claims prior to arbitration.   Defendants CHAPMAN and GEICO refused to tender limits, and refused to offer more than what was offered on September 11, 2003.

43.   On December 8, 2003, Defendant CHAPMAN told Plaintiffs that the arbitration proceeding scheduled for December 11, 2003 should be used only to determine liability and damages, and no other issues.

44.   On December 9, 2003, two days before the arbitration, Defendants CHAPMAN and GEICO offered to settle MELISSA TRUJILLO's uninsured motorist claim for the

amount of $ 50,000, waiving any claims to med-pay offset.

45.  On December 11, 2003, a duly appointed panel of three arbitrators, following a full hearing on the merits, awarded Plaintiff MELISSA TRUJILLO an award of One Hundred Eighty Seven Thousand Five Hundred Dollars ($ 187,500.00). A true and correct copy of the award is attached hereto as Exhibit "A."

46.  The arbitration award was substantially similar to the evaluation of the case Plaintiff MELISSA TRUJILLO sent to Defendant GEICO in her February 25, 2003 demand. Taking a $ 25,000 third-party offset into account, the arbitration award was $ 87,500 more than the policy limits, was over 101 times a settlement offer of $ 1,500, was 25 times a settlement offer of $ 6,500, was over 21 times a settlement offer of $ 7,500, was 13 times a settlement offer of $ 12,500, and was over 3 times Defendant GEICO's highest settlement offer of $ 50,000, tendered two days before arbitration.

47.  On December 16, 2003, Defendant Donna CHAPMAN issued and signed a check on behalf of Defendant GEICO, in the amount of $ 75,000.00. The check was made out to Plaintiff MELISSA TRUJILLO and her fiancé Michael Bowen, even though Mr. Bowen was not a party to the arbitration proceeding between MELISSA TRUJILLO and GEICO. The check purported to be in full payment of "any and all claims," even though Plaintiff MELISSA TRUJILLO already had notified Defendant GEICO and Defendant CHAPMAN that she would seek to recover the full amount from an excess arbitration award, should such an award be handed down by an arbitration panel.

48.  On December 16, 2003, Defendant CHAPMAN transmitted to Plaintiff a document entitled Satisfaction of Arbitration Award, where she purported to have Plaintiff's counsel agree that a payment from Defendant GEICO of $ 75,000 would serve as full

11

payment and satisfaction of the $ 187,500.00 arbitration award, and agree that Plaintiff should pay her own attorney's fees arising from the arbitration.

49.    On December 22, 2003, Defendant CHAPMAN sent a letter to Plaintiff, suggesting that appropriate release language on a check should read "any and all UM/UIM claims under the contract except allowable costs."    With this proposed language, Defendants CHAPMAN and GEICO were again attempting to have Plaintiff MELISSA TRUJILLO bargain away her rights to the full award she received from the arbitration panel.

50.    On January 13, 2004, Defendants GEICO and CHAPMAN, despite law to the contrary, *see Stinbrink v. Farmers Insurance Company*, 111 N.M. 179 (1990), continued to insist that Plaintiff MELISSA TRUJILLO, the prevailing party at arbitration, pay her own arbitrator's fees and half the fees of the neutral arbitrator.

51.    GEICO's insistence on an arbitration proceeding to determine Plaintiff MELISSA TRUJILLO's rights to payment under the insurance policies was unreasonable and prompted by GEICO's refusal to give equal consideration to Plaintiff's interests in evaluating her claim.  Defendant GEICO insisted on an arbitration proceeding when no real controversy existed regarding the fair and reasonable value of Plaintiff's UIM claim. Instead, Defendant GEICO compelled Plaintiff to arbitrate her UIM claim based on its unreasonable and unlawful attempt to coerce Plaintiff into accepting substantially less than a reasonable insured would believe was the fair and reasonable value of her UIM claim.

52.    Defendant's GEICO's offers of settlement of September 11, 2003 and December 9, 2003 were further bad faith attempts to coerce Plaintiff MELISSA TRUJILLO into accepting substantially less that a reasonable insured would believe was the fair and reasonable value of her UIM claim.

12

53.  Defendant GEICO's and Defendant CHAPMAN's post-arbitration attempts to have MELISSA TRUJILLO accept only $ 75,000 as full and final settlement of her arbitration claims were further attempts to coerce Plaintiff MELISSA TRUJILLO into accepting substantially less than a reasonable insured would believe was the fair and reasonable value of her post-arbitration UIM claim.

54.  The amount of the arbitration award itself, over 108 times the initial GEICO settlement offer of $ 1,500 (with med-pay offset), and 25 times a settlement offer of $ 6,500 (without med-pay offset), is prima facie proof of the unreasonableness of Defendant GEICO's pre-arbitration evaluation and settlement offers.

55.  At all times before and after the arbitration, the full and fair net value of Plaintiff MELISSA TRUJILLO's UIM claim was $ 162,500 as a matter of law.  Defendant GEICO is now estopped as a matter of law under principles of res judicata and collateral estoppel from contesting the fact that at all times before and after the arbitration the fair and reasonable net value of Plaintiff's claim was $ 162,500.

56.  Despite this binding arbitration award, Defendant GEICO has paid Plaintiff MELISSA TRUJILLO only the sum of $ 75,000, plus agreed-upon costs, or less than half of the total net arbitration award.

57.  All of the actions of Defendant CHAPMAN in the handling of Plaintiff's claims were expressly or impliedly approved, consented to or ratified by Defendant GEICO.

58.  As a direct result of the actions of Defendants GEICO and CHAPMAN, Plaintiff MELISSA TRUJILLO not only was forced to undergo the expense, delay, and emotional distress of a full arbitration proceeding, but also was forced to file an action to confirm the arbitration award in order to compel Defendant GEICO to pay its obligations under the

13

policy and the arbitration award.

59.  Even though its liability therefor was reasonably clear, Defendant GEICO improperly demanded full arbitration of Plaintiff MELISSA TRUJILLO's UIM claims when those claims were not genuinely disputed, and requested unnecessary documentation merely to delay the settlement process and to intimidate Plaintiff or in hopes that Plaintiff's physical or emotional condition would deteriorate to such an extent that Plaintiff would be forced to accept substantially less that what Defendant GEICO knew or should have known in the exercise of good faith was the full and fair value of her UIM claims.

60.  The practices and procedures complained of herein were done maliciously, willfully, recklessly, or wantonly, or as a general business practice.

## COUNT I
## COMPLAINT FOR CONFIRMATION OF ARBITRATION AWARD

61.  Plaintiff MELISSA TRUJILLO incorporates the foregoing allegations of the Complaint as if fully set forth below, and for her first cause of action against Defendant GEICO, for confirmation of the arbitration award, states as follows:

62.  Pursuant to N.M.S.A. 1978, § 66-5-303 (2003) and § 44-7A-23 (2001), Plaintiff MELISSA TRUJILLO is entitled to judicial confirmation of the arbitration award handed down on December 11, 2003.

63.  Pursuant to N.M.S.A. 1978, § 44-7A-26 (2001), Plaintiff MELISSA TRUJILLO is entitled to her reasonable attorney fees and other reasonable expenses of litigation incurred in obtaining a confirmation of this award.

64.  Plaintiff MELISSA TRUJILLO requests that the Court confirm the arbitration

14

award and award her attorney fees and reasonable costs.

## COUNT II
## COMPLAINT FOR PRE-JUDGMENT INTEREST ON THE ARBITRATION AWARD

65. Plaintiff MELISSA TRUJILLO incorporates the foregoing allegations of the Complaint as if fully set forth below, and for her second cause of action against Defendant GEICO, for pre-judgment interest on the arbitration award, states as follows:

66. The contract of insurance between Plaintiff CHARLIE TRUJILLO and Defendant GEICO contains no rate of interest applicable to monies due under the contract.

67. Pursuant to N.M.S.A. 1978, § 56-8-3 (1983), the interest rate that applies where no rate is specified in the contract is fifteen (15) percent.

68. The date from which the pre-judgment interest calculation begins is February 25, 2003, the date on which Plaintiff MELISSA TRUJILLO made a demand on Defendant GEICO.

69. As a result of Defendant GEICO's actions in this matter, and as a result of the arbitration award, Plaintiff MELISSA TRUJILLO is entitled to an award of pre-judgment interest on the amount of $ 162,500, from February 25, 2003 to December 11, 2003, at the rate of 15% per annum.

15

## COUNT III
## COMPLAINT FOR ATTORNEY'S FEES ARISING FROM THE ARBITRATION

70.  Plaintiff MELISSA TRUJILLO incorporates the foregoing allegations of the Complaint as if fully set forth below, and for her third cause of action against Defendant GEICO, for attorney's fees arising from the arbitration, states as follows:

71.  Defendant GEICO acted unreasonably in refusing to pay Plaintiff MELISSA TRUJILLO's UIM claim.

72.  Pursuant to N.M.S.A. 1978, §.39-2-1 (1977), Plaintiff MELISSA TRUJILLO is entitled to recover attorney's fees arising from the action brought to obtain payment from Defendant GEICO.

73.  Plaintiff MELISSA TRUJILLO's attorney's fees in the arbitration total $ 35,820.33.

74.  Plaintiff MELISSA TRUJILLO is entitled to recover those fees, as a matter of law.

## COUNT IV
## COMPLAINT FOR BREACH OF CONTRACT

75.  Plaintiffs MELISSA TRUJILLO and CHARLIE TRUJILLO incorporate the foregoing allegations of the Complaint as if fully set forth below, and for the fourth cause of action against Defendant GEICO, for breach of contract, state as follows:

76.  At all times material to the allegations of the Complaint, Plaintiffs were insureds under automobile insurance policies that provided UM and med-pay coverage.

77.  Plaintiffs performed in a timely manner all duties and obligations required under

16

the terms of the policy and otherwise fully complied with all requirements of law.

78.  Defendant GEICO has failed to fulfill its obligations under the contracts of insurance existing between Plaintiff CHARLIE TRUJILLO and Defendant.

79.  As a direct and proximate result of Defendant's actions, Plaintiffs CHARLIE TRUJILLO and MELISSA TRUJILLO have suffered damages in an amount to be proven at trial.

80.  Defendant's breach of contract was intentional, willful, reckless, and wanton.

## COUNT V
## COMPLAINT FOR BAD FAITH BREACH OF INSURER'S FIDUCIARY DUTY UNDER COVENANT OF GOOD FAITH AND FAIR DEALING

81.  Plaintiffs MELISSA TRUJILLO and CHARLIE TRUJILLO incorporate the foregoing allegations of the Complaint as if fully set forth below, and for the fifth cause of action against Defendant GEICO, for bad faith breach of insurer's fiduciary duty under a covenant of good faith and fair dealing, state as follows:

82.  All of Defendant GEICO's duties to Plaintiffs described herein are non-delegable duties so that Defendant GEICO is jointly and severally liable to Plaintiffs for each and every violation of those duties whether committed directly by Defendant GEICO or by any of its employees or agents.

83.  Plaintiff CHARLIE TRUJILLO purchased insurance from Defendant GEICO for the benefit of himself and all family members, including his daughter, Plaintiff MELISSA TRUJILLO.

84.  When Plaintiffs CHARLIE TRUJILLO and MELISSA TRUJILLO made claims

pursuant to the insurance policies, Defendant GEICO breached its duty to act in good faith under the covenant of good faith and fair dealing inherent in every insurance contract, including the contracts in force between Plaintiff CHARLIE TRUJILLO and Defendant GEICO.

85.  As a direct and proximate result of Defendant's actions, Plaintiffs CHARLIE TRUJILLO and MELISSA TRUJILLO have suffered damages in an amount to be proven at trial.

86.  The actions of Defendant GEICO were intentional, willful, reckless, and wanton.

## COUNT VI
## COMPLAINT FOR BAD FAITH BREACH OF STATUTORY
## FIDUCIARY DUTIES
## UNDER UNINSURED MOTORIST STATUTE

87.  Plaintiff MELISSA TRUJILLO incorporates the foregoing allegations of the Complaint as if fully set forth below, and for the sixth cause of action against Defendant GEICO, for bad faith breach of statutory fiduciary duties under the uninsured motorist statutes, states as follows:

88.  Defendant GEICO owed Plaintiff MELISSA TRUJILLO an independent fiduciary duty of the highest order or degree under the UM statute to implement the remedial purposes of the UM statute.  In addition, Defendant GEICO acted in administration of Plaintiff's UM coverage as an arm of the State of New Mexico to effect the remedial purposes of the UM statute.

89.  During its investigation, evaluation, and arbitration of Plaintiff's UIM claims, Defendant GEICO knowingly, willfully, maliciously, or with reckless disregard for Plaintiff's

18

rights and the remedial purposes of the UM statute, violated its higher statutory fiduciary duty owed to Plaintiff as an insurer issuing mandatory UIM coverage and responsible for implementing the remedial purposes and public policy of the UM statute when handling UM claims.

90.  As a result of Defendant GEICO's violation of its statutory fiduciary duty under the UM statute, Plaintiff suffered foreseeable and consequential damages in amounts to be proven at trial.

## COUNT VII
## BAD FAITH DENIAL OF UIM COVERAGE
## AND DELAY OF UM CLAIMS PAYMENTS

91.  Plaintiff MELISSA TRUJILLO incorporates the foregoing allegations of the Complaint as if fully set forth below, and for the seventh cause of action against Defendant GEICO, for bad faith denial of UIM coverage and delay of UM claims payments, states as follows:

92.  Defendant GEICO owed Plaintiff MELISSA TRUJILLO a duty to promptly pay every legitimate claims in such a timely manner so as not to destroy the insured's bargained for security and peace of mind under the policies.

93.  Defendant GEICO violated its duty to promptly and fairly investigate and pay Plaintiff MELISSA TRUJILLO's UIM claims and as a result Defendant GEICO knowingly, intentionally, maliciously or in reckless disregard for Plaintiff's rights under the UM policy, unreasonably delayed payment of Plaintiff's legitimate UM claims.

94.  As a direct and proximate result of Defendant GEICO's violation of its duty to conduct a prompt, honest, fair and complete investigation and evaluation of Plaintiff's

19

claims, Plaintiff MELISSA TRUJILLO was deprived of the peace of mind and security from loss which she, as a reasonable insured, expected under the policy, and suffered damages in an amount to be proven at trial.

## COUNT VIII
## COMPLAINT FOR AIDING AND ABETTING
## VIOLATION OF FIDUCIARY DUTY

95.   Plaintiff MELISSA TRUJILLO incorporates the foregoing allegations of the Complaint as if fully set forth below, and for the eighth cause of action against Defendant CHAPMAN, for aiding and abetting violations of fiduciary duty, states as follows:

96.  At all times material to the allegations in this Complaint, Defendant CHAPMAN, an attorney, knew or should have known that Defendant GEICO owed fiduciary duties to Plaintiff MELISSA TRUJILLO.

97.   Defendant CHAPMAN knowingly and intentionally provided substantial aid, encouragement, and assistance to Defendant GEICO to defraud Plaintiff and wrongfully deprive her of the benefits of the UM policy, which actions Defendant CHAPMAN knew or should have known were in violations of Defendant GEICO's fiduciary duties to Plaintiff.

98.  As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at trial.

20

## COUNT IX
## COMPLAINT FOR CIVIL CONSPIRACY TO DEFEAT AND DEPRIVE
## PLAINTIFF OF THE FULL BENEFITS OF THE INSURANCE CONTRACT

99.  Plaintiff MELISSA TRUJILLO incorporates the foregoing allegations of the Complaint as if fully set forth below, and for the ninth cause of action against Defendants GEICO and CHAPMAN, for civil conspiracy, states as follows:

100.  Defendant CHAPMAN, in concert with others, including Defendant GEICO, played an active and substantial part in causing Plaintiff MELISSA TRUJILLO to lose the full benefit of the insurance policies, by ensuring that Plaintiff MELISSA TRUJILLO would be unable to obtain the full policy benefits for which Defendant GEICO's liability was reasonably clear and to diminish thereby Plaintiff's net recovery under the policy, without justification or privilege in doing so.

101.  The actions of Defendant GEICO and CHAPMAN were taken for the benefit of Defendants GEICO and CHAPMAN, not for a legitimate legal purpose.

102.  As a direct result of the conspiracy between Defendants GEICO and CHAPMAN, Plaintiff MELISSA TRUJILLO has suffered damages in an amount to be proven at trial.

## COUNT X
## COMPLAINT FOR PUNITIVE DAMAGES

103.  Plaintiffs MELISSA TRUJILLO and CHARLIE TRUJILLO incorporate the foregoing allegations of the Complaint as if fully set forth below, and for the tenth cause of action against Defendants GEICO and CHAPMAN, for punitive damages, state as follows:

104.  The actions of Defendants GEICO and CHAPMAN, and each of them, were

21

wanton, willful, malicious, reckless, and grossly negligent so as to warrant an additional award of punitive damages as punishment and to deter others from committing like offenses.

Wherefore, Plaintiffs have stated their Complaint for Confirmation of Arbitration Award, Pre-judgment Interest, Attorney's Fees Related to Arbitration, Breach of Contract, Bad Faith Breach of Insurer's Fiduciary Duty Under Covenant of Good Faith and Fair Dealing, Bad Faith Breach of Statutory Fiduciary Duties under Uninsured Motorist Statute, Bad Faith Denial of UIM Coverage And Delay of UM Claims Payments, Aiding and Abetting Violation of Fiduciary Duty, Civil Conspiracy, and Punitive Damages, and pray for Judgment against the Defendants, attorney's fees, costs, pre-judgment interest as allowed by law, and any other relief the Court deems just and proper.

Respectfully Submitted

By: _____
Daniel J. O'Friel, Esquire
Pierre Levy, Esquire
LAW OFFICES OF DANIEL J. O'FRIEL, LTD.
P.O. Box 2084
Santa Fe, New Mexico 87504-2084
(505) 982-5929

BERARDINELLI & ASSOCIATES
DAVID J. BERARDINELLI
Attorney at Law
Post Office Box 1944
Santa Fe, New Mexico 87504-1944
(505) 988-9664

Attorneys for Plaintiffs

22

IN THE MATTER OF AN UNINSURED/UNDERINSURED MOTORIST CLAIM

MELISSA TRUJILLO,

    Claimant,

v.

GEICO INSURANCE COMPANY,

    Respondent.

## ARBITRATION AWARD

THIS MATTER having come before the arbitrators for hearing on the merits on December 11, 2003, the arbitrators having heard the evidence adduced, having reviewed the exhibits introduced, and having heard the arguments presented by counsel for the parties;

THE ARBITRATORS AWARD the Claimant the sum of One Hundred Eighty-Seven Thousand Five Hundred Dollars ($187,500.00).

_____
Mary Ann McConnell, Arbitrator

_____
Terry R. Guebert, Arbitrator

_____
Kimball R. Udall, Arbitrator

EXHIBIT
A

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

MELISSA D. TRUJILLO and,
CHARLIE TRUJILLO,

       Plaintiffs,

vs.                               No. D-0101-CV-2004-00612

GEICO DIRECT, a Foreign Corporation,
and DONNA L. CHAPMAN, Esquire, its
Attorney and Agent,

       Defendants.

### NOTICE OF FILING OF REMOVAL

     COMES NOW, the Defendants, Geico Direct and Donna L. Chapman, Esq., by and through

their undersigned attorneys, Simone, Roberts & Weiss, P.A. (Stephen M. Simone), and hereby give

notice that the Defendants have filed a Notice of Removal in the United States District Court for the

District of New Mexico this 29th day of April, 2004.

                              Respectfully submitted,

                              SIMONE, ROBERTS & WEISS, P.A.
                              ATTORNEYS AT LAW

                              STEPHEN M. SIMONE
                              8102 Menaul, NE
                              Albuquerque, NM 87110
                              (505) 298-9400

I hereby certify that the foregoing
was mailed on this 29th day of
April, 2004 to:

**EXHIBIT**

**B**

Daniel J. O'Friel, Esq.
Pierre Levy, Esq.
Post Office Box 2084
Santa Fe, NM 87504-2084

David J. Berardinelli, Esq.
Post Office Box 1944
Santa Fe, NM 87504-1944

STEPHEN M. SIMONE